UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ELAINE HILL,

                Plaintiff,

  -against-

ROBERT DIDIO, in his official capacities and
as a private person et al., SONIA METELLUS,
in her official capacities and as a private person
et al.,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 05-CV-1220 (FB) (LB)

*Appearances:*
*For the Plaintiff:*
ELAINE HILL, *Pro Se*
58 Fleet Walk, Apt.# 2E
Brooklyn, NY 11201

*For Defendant Robert DiDio:*
ROBERT D. DIDIO, ESQ.
Law Office of Robert DiDio
80-02 Kew Gardens Road, Suite 1030
New York, NY 11415

**BLOCK, District Judge:**

    *Pro se* plaintiff, Elaine Hill ("Hill"), having paid the requisite filing fee, brought this action against defendants Robert DiDio ("DiDio") and Sonia Metellus ("Metellus"), asserting various claims of criminal activity including a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as related state law claims. DiDio has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6); Metellus, who was just served on July 1, 2005, has not yet appeared. *See* Docket Entry No. 10. For the reasons set forth below, the Complaint is dismissed in its entirety.

1

## BACKGROUND

Hill's Complaint provides the following facts. Hill retained Didio, an attorney, to file a *habeas corpus* petition on behalf of her son, Sundhe Moses ("Moses"). In exchange, Hill agreed to pay DiDio $10,000 between May 2001 and November 2002, and tendered a significant down payment to DiDio in May 2001. Notwithstanding the down payment, on June 29, 2001, Moses filed the *habeas* petition *pro se* because the statute of limitations was set to expire and he could not reach DiDio. Thereafter, Hill (1) failed to file an appearance until two years after his acceptance of the payment, (2) twice requested additional time to review a magistrate's Report and Recommendation ("R&R"), denying Moses' *habeas* petition, (3) ultimately never responded to the R&R, and (4) refused to respond to Hill's inquiries.

Hill subsequently retained Metellus, another attorney, for approximately $3,5000 to recover her payment to DiDio, and to file a successive *habeas* petition on behalf of Moses. Metellus (1) like DiDio, failed to file a *habeas* petition on Moses's behalf, (2) failed to file a law suit against DiDio although she did send a letter to DiDio threatening to file legal action if he did not return the $10,000 , and (3) also like DiDio, failed to respond to Hill's inquiries. As a result, Hill claims that DiDio and Metellus had "a meeting of the minds and engaged [in] a conspiracy to defraud the Plaintiff out of just services." Compl. ¶ 32 (emphasis added).

In addition to the state-law claims, Hill claims that DiDio and Metellus's conduct amounted to violations of the following sections of the federal criminal code:

conspiracy against rights, *see* 18 U.S.C. § 241, deprivation of rights, *see* 18 U.S.C. § 242, mail fraud, *see* 18 U.S.C. § 1341, embezzlement, *see* 18 U.S.C. § 645, and RICO, 18 U.S.C. §§ 1961 et seq.

## DISCUSSION

### A. Standard of Review

Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro se* papers] liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). A district court, however, has the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "A complaint is frivolous when, among other things, it is based on an indisputably meritless legal theory, *i.e.*, it lacks an arguable basis in law." *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

### B. Criminal Code Violations

"It is . . . a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists." *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998). There is no private right of action for any of Hill's claims of criminal activity claim with the exception of her RICO claim. *See, e.g., Vasile*, 20 F. Supp. 2d at 278 (no private right of action under conspiracy-against-rights statute, 18 U.S.C. § 241); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (same under mail-fraud statute, 18 U.S.C. § 1341). Therefore, Hill's claims, except with

3

respect to the RICO claim, are dismissed for lack of jurisdiction. *See Binder & Binder PC v. Barnhart*, 399 F.3d 128 (2d Cir. 2005) (court has a *sua sponte* obligation to address jurisdictional issues).

**C. RICO Claim**

To state a claim under RICO, Hill must allege: "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," and (5) "injury to business or property as a result of the RICO violation." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999). "In perhaps its least developed form, an enterprise may be found where there is simply a 'discrete economic association existing separately from the racketeering activity.'" *First Capital Asset Mgmt., Inc. v. Satinwood*, 385 F.3d 159 (2d Cir. 2004)). Demonstration of a "pattern of racketeering activity" requires that Hill plead at least two predicate racketeering acts, which include, *inter alia*, mail and wire fraud, that occurred within a ten-year period, *see* 18 U.S.C. § 1961(1) & (5), and "show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *GICC Capital Corp. v. Technology Fin. Group, Inc.*, 67 F.3d 463, 465 (2d Cir. 1995).

Even under the liberal pleading rules afforded to *pro se* plaintiffs, at most, DiDio and Medullus may have each committed one predicate racketeering act by falsely promising to represent her son in exchange for payment from her. However, even assuming *arguendo* that these acts did constitute two predicate racketeering acts, she cannot establish that DiDio and Metellus *together* formed an "enterprise" under 18 U.S.C. § 1961(4); there is simply no basis to find "a discrete economic association [between DiDio and

Metellus] existing separately from the racketeering activity." Moreover, she cannot establish that the predicate racketeering acts "amount to, or pose a threat, of continuing criminal activity." Hill's RICO claim is dismissed as frivolous.

**D. State Law Claims**

Because the Court has dismissed all of Hill's federal claims, it must now consider whether to retain jurisdiction over her state-law claims. Where it has original jurisdiction over a claim, a federal district court may exercise supplemental jurisdiction over all other claims that are so related to that claim that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). In deciding whether to exercise supplemental jurisdiction, the Court should consider whether an exercise of jurisdiction is justified by the interests of judicial economy, convenience, fairness to litigants, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Where, as here, all federal claims have been dismissed before trial, these factors generally "point toward declining to exercise jurisdiction over the remaining state-law claims[,]" *id.;* accordingly, Hill's remaining state-law claims are dismissed.

## CONCLUSION

Hill's Complaint is dismissed. Whereas, ordinarily, the Court would allow a plaintiff an opportunity to amend her Complaint, see Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity where, as here, it is clear that repleading would be futile.

**SO ORDERED.**

Dated: July 18, 2005
      Brooklyn, New York

                                          FREDERIC BLOCK
                                          United States District Judge